# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3207 | **DATE** | 7/13/2012 |
| **CASE TITLE** | Parker vs. Four Seasons Hotels, Limited | | |

**DOCKET ENTRY TEXT**

For the following reasons, the motion to dismiss is denied. Status hearing set for 8/1/2012 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the court is Defendant's motion to dismiss Plaintiff's amended complaint. For the following reasons, Defendant's motion is denied.

### I. BACKGROUND

Plaintiff Diane Parker ("Plaintiff") brings this suit alleging that Defendant Four Seasons Hotels, Ltd. ("Defendant") is liable for injuries she sustained while staying at one of Defendant's hotels in 2007. Plaintiff originally filed her cause of action in the Circuit Court of Cook County, Law Division, on April 21, 2009.

On September 21, 2010 the Circuit Court judge transferred Plaintiff's case from the state court's Law Division to its First District Municipal Department. The reason stated on the transfer order was: "Estimated value under $30,000."Def.'s Mot. Ex. A. Ultimately, Plaintiff voluntarily dismissed that action. She then filed her complaint in the present action on April 30, 2012 and filed an amended complaint on May 15, 2012. On June 20, 2012 Defendant filed a motion to dismiss for lack of subject matter jurisdiction, specifically challenging Plaintiff's assertion that the amount in controversy exceeds $75,000.

### II. ANALYSIS

Defendant argues that the state court transfer order amounts to a "judicial determination" that Plaintiff's case has a value of less than $30,000. Therefore, argues Defendant, Plaintiff is now precluded from alleging an amount in controversy exceeding $75,000, as she does in her amended complaint. Def.'s Mot. to Dismiss 3. Defendant is mistaken.

Under the doctrine of issue preclusion, also called collateral estoppel, an issue is precluded from litigation only if four elements are satisfied: "(1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the

**STATEMENT**

final judgment; and (4) the party against whom estoppel is sought was represented in the prior action." *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000). Issue preclusion is an affirmative defense. *Id.* at 894. Therefore, contrary to Defendant's assertion, it is the defendant's burden "to set forth facts sufficient to satisfy each element of the defense." *Id.* Defendant has failed to do so here.

The Seventh Circuit has held that issue preclusion does not apply where the party against whom preclusion is sought "did not have a 'full and fair opportunity to litigate' that issue in the prior case," including the opportunity to appeal an adverse decision. *Gray v. Lacke*, 885 F.2d 399 (7th Cir. 1989) (internal citations omitted). Defendant has failed to offer any evidence (e.g. transcripts, motion briefings, etc.) to indicate that the issue of the value of Plaintiff's case was "actually litigated" or that Plaintiff had a "full and fair opportunity to litigate" the issue. To the contrary, in its motion, Defendant states that the case was set for arbitration, but before the arbitration occurred, Plaintiff voluntarily dismissed the case. Additionally, Defendant does not assert that Plaintiff had the opportunity to appeal the transfer order or that the order was appealable at all.

Furthermore, there appears to have been no "final judgment" in the prior case. It appears to the Court that the transfer order was merely administrative in nature, and it clearly indicated that the judge "estimated" the value of Plaintiff's case. An estimate is neither a finding of fact nor a final judgment (nor, as Defendant refers to it, a "judicial determination"). Accordingly, the state court transfer order does not meet the elements necessary to preclude Plaintiff from alleging an amount in controversy exceeding $75,000, and thereby satisfying the jurisdictional requirement.

### III. CONCLUSION

For the above reasons, Defendant's motion to dismiss is denied.