# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3207 | **DATE** | 9/28/2012 |
| **CASE TITLE** | Parker vs. Four Seasons Hotels, Ltd. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for discovery [29] is granted in part and denied in part as outlined below. Parties are to hold their Rule 26(f) conference (if they have not already) within seven (7) days of entry of this order. Rule 26(a) disclosures must be made within fourteen (14) days of that conference. Defendants should produce a copy of the two bankers boxes of documents referenced in their response within that same time period. Plaintiff must pay reasonable copy costs for those documents. Fact discovery to close 12/31/2012. Status hearing set for 12/6/2012 at 9:00 a.m.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

# STATEMENT

　　Before the Court is Plaintiff's motion to conduct discovery. For the following reasons, the motion is granted in part and denied in part.

　　This action began as a negligence suit in Cook County Court Law Division on April 21, 2009. 09-L-4692. Plaintiff, of Pennsylvania, was a guest in Defendant's Chicago hotel when the sliding glass shower door in her hotel room shattered, injuring Plaintiff. Significant discovery occurred in the state action, which was transferred to the Municipal Division on September 21, 2010 after a Law Division judge estimated the value of the case to be less than $30,000. This Court previously ruled that transfer had no preclusive effect preventing the jurisdiction of this Court. ECF No. 25. On Nov. 12, 2010, Plaintiff's attorney withdrew and she continued on, *pro se*. The case was scheduled to go to mandatory arbitration when Plaintiff took a voluntary non-suit on May 5, 2011. Plaintiff filed suit here on April 30, 2012, within the one-year time limit set by the state court.

　　Plaintiff's motion proposes an expansive discovery plan involving six phases of discovery and the inspection of 30 hotel rooms with sliding glass doors. Defendant insists that no further discovery should be allowed and contends that Plaintiff's non-suit was simply an effort to extend discovery. Plaintiff contends that Defendant ignored many discovery requests and part of the reason she took a non-suit was because of Defendant's "campaign of [discovery] obstructionism." ECF No. 26, 7. (Plaintiff filed a motion for sanctions and default judgment because of such alleged tactics. This Court has not ruled on that motion, in part because it was never properly noticed and presented. However, because *pro se* filings are subject to more liberal review and interpretation, the Court takes notice of that filing in addressing the current motion before the Court. *Ledbetter v. Good Samaritan Ministries*, 2012 U.S. Dist. LEXIS 92654 (S.D. Ill. Sept. 22, 2011) ("When determining the character of a pro se filing … courts should look to the substance of the filing rather

than its label.") (citing *U.S. v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004).

      Plaintiff cites *Morrison v. C.G. Wagner et al.* for the proposition that non-suits may not be used to extend discovery. The case is not completely on point. It stood for the proposition that a Circuit Court could not use 166 Ill. 2d R. 219(e) to deny a non-suit motion as long as Plaintiff met certain prerequisites, including paying the costs it caused the other parties to incur. Rule 219(e) may undoubtedly have had some applicablility if this case had been refiled in state court. It states that "A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and order entered in prior litigation involving a party."

      The Court acknowledges that this rule is persuasive (although not binding on this Court) in the argument against allowing further discovery in this Court. However, Defendant also states that "[n]othing has changed with regard to liability between Plaintiff's state court action and the instant action. The facts remain the same and all of the evidence and information in existence was readily available and provided to Plaintiff almost two years ago." Def's Resp. 5.

      However, this ignores the fact that Plaintiff's complaint has been amended since that time to include what appears to be a wanton and willful negligence charge and a claim for punitive damages, an amendment Defendant did not contest. (Defendant notes it was trying to save the Court's time and simply refiled its 12(b)(1) motion to dismiss. The concern for the Court's time is appreciated, but it does not address Plaintiff's new allegations.)

      This makes this case more analogous with *Happel v. Wal-Mart Stores, Inc.*, 2006 U.S. Dist. LEXIS, at *31 (N.D. Ill. Mar. 8, 2006). In that case, the Court granted plaintiff's motion to compel discovery despite the 11-year-old status of the case and prior state court discovery — in part because plaintiff had recently added punitive damages. "[T]he case now stands on different footing than it did in state court and the relevant discovery should not be constrained by the scope of discovery from the [state] action." *Id.*

      Here, Plaintiff has added punitive claims and state statutory claims that must be addressed in discovery. Nonetheless, the Court is appreciative of Defendant's claim that the plan is overly burdensome. For instance, Plaintiff has given no justification for why she needs to examine 30 hotel rooms at a few days' notice when she has already inspected her own hotel room. She alleges Defendants altered her room prior to the inspection by replacing the glass door with a curtain, but with the allegations being that the glass doors are unsafe, this is a natural post-accident remedial action. Plaintiff's failure to enunciate *why* inspection of other rooms is necessary or relevant means the court must deny the request in light of the burden it would put on Defendant's business and customers.

      However, the Court is uncomfortable in ruling that no old ground may be retrod without having a complete state court case discovery history before it. For instance, Plaintiff alleges that Defendant refused to turn over an incident report from a shattered glass door occurring in the very same room as Plaintiff's room two weeks prior to her injury. That strikes the Court as highly relevant and Defendant has not responded specifically to this contention. Additionally, Plaintiff contends that Defendant withheld documents under an invocation of privilege without citation to specific documents, authors or the privileges involved. Defendant has also not responded to this specific contention.

**STATEMENT**

Mindful of the Defendant's burden claims, and in an attempt to move discovery along, the Court orders the production of a copy of the two bankers boxes worth of documents referred to in Defendant's response. These are documents that Defendant made available for Plaintiff's review during a day of multiple depositions. A thorough review of this volume of documents while attempting to simultaneously take depositions would be a neat trick for even an experienced attorney, let alone a *pro se* litigant. However, as some of these documents are Plaintiff's own medical records and third-party responses that Plaintiff could have availed itself of by paying copy costs, the Court orders Plaintiff to pay a reasonable copy fee for these documents.

Further, the discovery plan as proposed is denied. The Court orders that the parties hold their Rule 26(f) conference (if it has not been held already) within 7 days of entry of this order. Initial disclosures under 26(a) should be made within 14 days of that conference. Defendant is free to refer to *specific* prior disclosures made in lieu of repeating these disclosures. Citation to Bates numbers or the title of specific documents will be adequate.

The Court sets a deadline of four (4) months from entry of this order for close of fact discovery. Plaintiff should limit her discovery requests to new issues raised in the amended complaint, those topics that could not be discovered earlier, or those request that were unreasonably denied or ignored by Defendant. Although Plaintiff does not have to pre-screen discovery requests with the Court, she should be prepared to demonstrate, if Defendants object, how each and every request she now makes was either made and unfairly denied in state court or how it relates to new issues. While *Happel v. Wal-Mart* may have dragged on for 11 years, this Court has no intention of repeating that phenomenon.

Further, Plaintiff is encouraged to either retain counsel or consult this court's *pro se* help desk. While *pro se* filings are liberally construed, a *pro se* plaintiff must still obey the Rules of Civil Procedure, both local and federal (*Oliphant v. Cook County Dept. of Correction*, 2012 U.S. Dist LEXIS 125071, at *3 (N.D. Ill. Sept. 4, 2012) and missteps in this regard could lead to a loss by Plaintiff or sanctions.

The Pro Se Assistance Program is available by appointment only by calling (312) 435-5691 or visiting the Clerk's Office Intake Desk on the 20th floor of the Courthouse, at 219 S. Dearborn St., Chicago, IL.