IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE PARKER, | ) | |
| | ) | |
| | ) | Case No. 12 CV 3207 |
| Plaintiff, | ) | |
| | ) | Judge Harry D. Leinenweber |
| v. | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| FOUR SEASONS HOTELS, LTD. | ) | |
| | ) | |
| Defendant. | ) | |

### PAT MEARA'S
### MOTION TO QUASH AND FOR PROTECTIVE ORDER

NOW COMES Pat Meara ("Mr. Meara"), by his attorneys, Gozdecki, Del Giudice, Americus & Farkas LLP, and states as follows for his Motion to Quash and for Protective Order relating to a subpoena for deposition and records served by Plaintiff Diane Parker ("Parker"):

### I. INTRODUCTION

Mr. Meara is not a party to this litigation. Nor does Mr. Meara have any ownership interest in the Defendant or the real property on which the Four Seasons Chicago Hotel ("the Hotel") is located. Instead, Mr. Meara is an officer of 900 HDP, LLC and 900 Hotel Venture, LLC (collectively, "900 Venture"). Parker has previously served Mr. Meara and 900 Venture with a subpoena, and 900 Venture has filed a Motion to Quash, with this Court, which is pending. (Dkt. 45.)

Notwithstanding 900 Venture's pending Motion to Quash, on or about December 21, 2012, Parker served Mr. Meara with another subpoena for deposition and records ("Subpoena"). (Exhibit A attached hereto.) The Subpoena rider is virtually identical to the subpoena served on 900 Venture. (Dkt. 45.)

Pursuant to Local Rule 37.2, Mr. Meara notified Parker of his objections to the Subpoena. (*See* Exhibit B attached hereto.) Parker did not respond.

The Subpoena should be quashed for several reasons. First, the Subpoena improperly attempts to subvert the judicial process by requesting the same documents that are the subject of a Motion to Quash pending before the Court. Second, the Subpoena for documents is abusive and redundant, insofar as Mr. Meara has already averred that he does not possess any responsive documents in an individual capacity. (*See* Dkt. 51, at Exhibit A thereto.) Third, Parker did not include with the Subpoena the required witness fee for travel and attendance at a deposition. Fourth, the Subpoena for deposition is unreasonably cumulative of prior discovery that was available to the Plaintiff in the state court litigation, or duplicative of discovery actually taken in this proceeding, including, without limitation, the eight (8) depositions taken by the Plaintiff of the Defendants' employees. Finally, any information elicited from Mr. Meara, a non-party officer of non-parties, is not relevant to any material issue in this litigation. For these reasons, the Court should grant the Motion to Quash and for Protective Order.

## II. STANDARD

The Court may limit discovery if (a) it is "unreasonably cumulative or duplicative;" (b) "obtainable from some other source that is more convenient, less burdensome, or less expensive;" (c) "the party seeking discovery has had ample opportunity to obtain the information;" and (d) "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C); *see also* FED R. CIV. P. 45(c)(1) (requiring subpoenaing party to take reasonable steps to avoid "imposing undue burden or expense on a person subject to the subpoena."). Moreover, a court should quash a subpoena if the information sought would not advance the exploration of any material component of a case. *CSC Holdings, Inc. v. Redisi*, 309

2

F.3d 988, 993 (7th Cir. 2002). Whether to grant a motion to quash is within the sound discretion of the Court. *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992).

### III. THE SUBPOENA SHOULD BE QUASHED

This Court has previously limited discovery in this action to subjects that could not have been discovered earlier, new issues raised in the Amended Complaint, and discovery previously denied to the Plaintiff by the Four Seasons without justification. (Ex. C, Order, at p. 3.) The Plaintiff's Subpoena goes well beyond the bounds of this Court's Order.

1. The Subpoena is Duplicative of a Prior Subpoena Subject to a Motion to Quash.

On November 1, 2012, Parker served a Subpoena on 900 Venture. 900 Venture moved to quash the subpoena in its entirety. (Dkt. 46.) That motion is fully briefed and awaiting ruling by the Court. The instant Subpoena's Rider is virtually identical to the subpoena which is subject to the pending Motion to Quash. (*Compare* Ex. A hereto *with* Dkt. 46, at Ex. B thereto.)

Rather than await a ruling on whether the 900 Venture subpoena was improper, Parker chose to re-issue virtually the same request for documents upon Mr. Meara, one of 900 Venture's officers. Parker is blatantly attempting to subvert the judicial process. The parties and the Court have expended resources on a pending Motion to Quash that will be dispositive over the appropriateness of the requests for production in the instant Subpoena. Mr. Meara incorporates 900 Venture's Motion to Quash (Dkt. 46) and reply thereto (Dkt. 51) as if restated herein. To the extent the Court grants 900 Venture's Motion to Quash, then so too must it quash the instant Subpoena's Rider for documents.

2. The Subpoena is Abusive and Redundant.

Mr. Meara previously submitted an affidavit in support of 900 Venture's Motion to Quash. (Dkt. 51, at Ex. A.) Therein, Mr. Meara stated he does not possess any responsive

documents in an individual capacity. (*Id.* at ¶ 7.) Parker ignored that sworn statement and issued the very same requests for documents upon Mr. Meara personally.

It is well settled that a party cannot reach a businesses' records through a subpoena upon one of its employees. *See American Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501 (D. Kan. 2001). Mr. Meara has already stated he does not possess any documents relating to this matter in an individual capacity. To prevent further abuse and harassment, the Court should quash the instant Subpoena.

    3.    **Parker Failed to Provide Mr. Meara with Attendance and Mileage Fees, and the Subpoena is Therefore Invalid.**

Federal Rule of Civil Procedure 45(b)(1) provides, in part, that for subpoenas requesting a person's attendance at a deposition, the issuing party must advance the witness compensation for one day's attendance and the round-trip mileage fees for travel and to and from the place of attendance. FED. R. CIV. P. 45(b)(1). The daily attendance fee is $40.00. *See* 28 U.S.C. 1821(b). The federal mileage fee is $0.565 per mile. *See* 28 U.S.C 1821(c)(2) and Privately Owned Vehicle (POV) Mileage Reimbursement Rates, at http://www.gsa/portal/content/100715.

The Subpoena, at Exhibit A hereto, does not evidence Mr. Meara's receipt of either an attendance fee or an estimated round-trip travel fee to the place of the deposition. (Ex. A hereto.) Accordingly, the Subpoena is invalid. *See Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995) ("Failure to tender the witness fee and mileage allowance renders the subpoena invalid."); *see also In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) (holding that court did not abuse discretion by quashing a subpoena where subpoenaing party failed to tender mileage allowance with the subpoena).

4

4.  **The Subpoena is Unreasonably Cumulative of Discovery Already Taken or Previously Available.**

The Court's September 28, 2012 Order limited additional discovery to "topics that could not be discovered earlier," and to new issues raised in the Amended Complaint. (Ex. C, at p. 3.) As discussed in 900 Venture's Motion to Quash, the documents requested to be produced could have been discovered in the state court action and do not relate to new issues raised in the Amended Complaint. (*See* Dkt. 46, 51.) Similarly, Parker could have deposed Mr. Meara in the state court action. Parker is simply attempting to take discovery available to her at an earlier point in time in violation of the prior Court Order.

Furthermore, Mr. Meara's deposition testimony would be duplicative of the numerous depositions taken by Parker of the Defendant's employees. On information and belief, the Plaintiff has deposed at least eight (8) of the Defendant's employees, including James DeFily, Director of Engineering, Brian Conroy, Assistant Chief of Engineering, Joe Gartin, Building Engineer, Elizabeth Gonzales, Office Manager, James O'Connor, Engineer, Jose Olivier, Security Officer, Hans Willimann, General Manager and Vehbija Zukic, Security Officer. In addition, extensive discovery has been undertaken by both Parker and the Four Seasons as to the contractors involved in the renovation of the hotel.

The Court's September 28, 2012 Order directed Parker to be prepared to demonstrate how future requests for discovery were unfairly denied to her in the state court action or otherwise relate to new, relevant issues. (Ex. C, at p. 3.) To the extent any reason exists for Parker to take Mr. Meara's deposition, before she could do so, Parker should explain to the Court how she was precluded from seeking Mr. Meara's deposition in the state court action or how expected areas of testimony relate to any new matter raised in the Amended Complaint.

5. <u>The Subpoena Seeks Information Irrelevant to the Amended Complaint</u>.

The Subpoena, akin to a Rule 30(b)(6) deposition notice, requests that Mr. Meara appear to testify concerning the renovation of the hotel, the building permit issued relating to the renovation and his discussions with various contractors. (Exhibit A.) Mr. Meara is not an agent or employee of the Four Seasons, the defendant in this action. Whatever information he may have concerning those renovations, which is duplicative of prior deponents employed by the defendant, is irrelevant to any new claim set forth in the Amended Complaint. In accordance with the Court's September 28, 2012 Order, Parker must explain how Mr. Meara's testimony is relevant to any matter is dispute.

## IV. <u>CONCLUSION</u>

For these reasons, the Subpoena for records and deposition on Mr. Pat Meara should be quashed, and a protective order should be entered barring the Plaintiff from attempting to serve additional Subpoenas on Mr. Meara, and for any further relief this Court deems just and appropriate.

Respectfully submitted,

PAT MEARA

/s/ Jeffery M. Heftman
One of His Attorneys

Earl E. Farkas, Esq.
Jeffery M. Heftman, Esq.
**GOZDECKI, DEL GIUDICE, AMERICUS
& FARKAS LLP**
One East Wacker Drive
Suite 1700
Chicago, IL 60601
(312) 782-5010
(312) 782-4324 (Facsimile)

6